Walker v. Birdwell.

---

---

## A. M. WALKER v. THOMAS G. BIRDWELL.

There may possibly be legal force in the position, that the citation, preliminary to the issue of a judicial attachment, should not be returned until the first day of the Term after its issuance ; but if there be such force, it has no application in this case.

Where the original citation was returned, on the return day thereof, to the effect that the defendant could not be found ; and an order was made for an *alias* citation, which was issued, and returned thirty days before the return day thereof, by order of plaintiff, to the effect that the defendant could not be found, by reason of his secreting himself so that the ordinary process of law could not be served upon him, whereupon a judicial attachment was immediately obtained, executed and returned to the same Term to which the *alias* citation was returnable ; and judgment went by default ; it was held that there was no error, on the ground that the judicial attachment might have been issued on the return of the original citation.

It would seem that where an attachment, in ordinary form, is obtained on grounds upon which both a judicial and original attachment might issue, as where there is a return of citation that the defendant, who is alleged to be a resident of the State, cannot be found, and plaintiff files an affidavit that the defendant secretes himself so that the ordinary process of the law can-

not be served upon him, &c., it is not necessary to cite the defendant by publication ; the attachment operating in such case as both an original and a judicial attachment.

Error from Harris. Tried below before the Hon. Peter W. Gray.

Suit commenced May 9th, 1856, by Thomas G. Birdwell against A. M. Walker and George W. Grant, on a promissory note for $1625, with interest at ten per cent. per annum after maturity, dated January 1st, 1855, and payable January 1st, 1856, from Walker to Grant, and assigned to plaintiff ; also to enforce a vendor's lien on land for the purchase money of which the note was given. It was alleged that Grant resided in the County of Walker, and Walker in the County of Harris. Citation served on Grant to first Term. Citation for Walker, received by the Sheriff of Harris on the 10th May, 1856, and returned June 5th, 1856, " the said A. M. Walker not to be found in Harris county." June 13th, order for *alias* citation to Walker, and cause continued. *Alias* citation for Walker, received by the Sheriff of Harris, August 18th, and " returned by order of plaintiff's attorney, October 16th, 1856, the said A. M. Walker not to be found in Harris county by reason of his secreting himself so that the ordinary process of the law cannot be served upon him." This return was made thirty days before the return day of the *alias* citation. Same day, October 16th, affidavit of plaintiff, stating that the allegations of the petition were true ; the facts as to the issue and return of the original and *alias* citations for Walker ; " that the said Walker is justly indebted to plaintiff in the sum mentioned in his original petition ; and that he so secretes himself that the ordinary process of the law cannot be served upon him ; wherefore affiant asks that a judicial attachment issue, directed to the Sheriff of Harris," &c. ; and further, that this attachment is not sued out for the purpose of injuring the defendant. Bond filed and approved next day. Attach-

ment, in ordinary form, issued November 10th, and levied next day on certain real estate in Harris, as the property of Walker.

At Fall Term, 1856, Walker "comes and excepts to the sufficiency and legality of said service, and says he is not bound by law to answer the same," on the ground that there was no personal service or proper judicial attachment, but an original attachment and no personal service; " and if required to answer further, he moves to dismiss said attachment because he says that there is no sufficient or legal bond filed; that the return of the *alias* citation was prematurely made, at the request of the plaintiff; and because no judicial attachment could issue until the last day of service, and by order of the Court; that this is not a judicial attachment but an original attachment; and he is not bound to answer because there has been no personal service upon him.

"Motion to quash the judicial attachment" overruled, and leave to defendant to answer. December 13th, judgment by default against both defendants, without reference to the vendor's lien or property attached.

Petition of Walker, filed January 20th, 1857, for writ of error. January 30th, defendant in error acknowledged service. February 2nd, bond for supersedeas filed and approved. Supersedeas. Transcript filed in this Court February 16th, 1858, "by agreement."


*J. W. Henderson*, for plaintiff in error. I. We contend that the return made by the Sheriff, of the *alias* citation, is illegal, because made before the return day, and also at the request of the plaintiff's attorney in the Court below. (Hart. Dig. Art. 810.)

If such proceedings were allowable, how easy it would be to order the Sheriff to return citations, for the purpose of obtaining judicial attachments; but the Article cited shows that

an attachment cannot be obtained until the utmost diligence has been used for effecting service. (Hart. Dig. Art. 22.)

II.  The second point to which we would invite the Court's attention is, that the affidavit for the writ of attachment mentions no sum or sums claimed by affiant.  It does state that defendant is indebted to plaintiff in the sum mentioned in his original petition.  But we contend the sum should have been specified in the affidavit, as required by law. (Hart. Dig. Art. 25.)

But further this affidavit also states that defendant is " not to be found in Harris county," but it also sets forth " that he so secretes himself that the ordinary process of law cannot be served upon him."

The allegations are double and dubious, and it is impossible to say which of the allegations plaintiff bases his claim for the writ of attachment upon.

The writ is also double and uncertain as to the ground upon which plaintiff intended to found his attachment, and is not of such a definite character as would enable the defendant to know what he had to answer. (Gregg v. York, Dallam, 528.)

Now we contend that it is utterly impossible to ascertain from the affidavit upon what grounds the plaintiff seeks to obtain his writ of attachment, and when obtained to say whether it is an original attachment, or a judicial one.  We think this is an innovation upon the attachment law, not warranted by any precedent, and is entirely subversive of all former rules relating to attachments.

III.  A motion to dissolve the attachment for defects in the affidavit is not such an appearance as cures the want of a citation. (Roquet v. Nixon, Dallam, 386.)

We say then, that as it is absolutely necessary that the defendant should be served with process, according to law, and that such has not been done in this instance the whole proceedings are a nullity.

*E. A. Palmer*, for defendant in error. The defendant in error suggests delay, and prays judgment with ten per cent. damages. The plaintiff in error avoids service of the writ, on a plain promissory note at the first Term of the Court, by keeping out of the county. He also avoided service during two months before the second Term of the Court, by secreting himself; and after he was forced to come into Court by attachment, he attempts to avoid the attachment, and refuses to answer to the merits. And he filed his petition for writ of error just so as to avoid being in time to be compelled to file the transcript at the last Term of the Court.

The attachment taken was a judicial attachment, obtained for the purpose of compelling the defendant to appear and answer; and in such case personal service or service by publication is not required. (Briggs v. Smith, 13 Tex. R. 269; Hart. Dig. Art: 22.)

HEMPHILL, CH. J. The assignments of error present no sufficient ground for the reversal of the judgment.

There may possibly be legal force in the position, that the citation, preliminary to the issue of a judicial attachment, should not be returned until the first day of the Term after its issuance; but if there be such force, it has no application in this case. The original citation was returned with the certificate of the Sheriff, that the defendant was not to be found in the county. Upon this, the plaintiff might have sued out a writ of judicial attachment. There was no necessity for an *alias* citation; and upon that ground, if no other, there can be no objection to the return of the *alias* prior to the day at which, in any event, it must by law be returned.

There can be no objection to the return of the officer, or the affidavit of the plaintiff, that the defendant so secreted himself that the ordinary process of law could not be served upon him. The attachment would have issued without such

affirmation ; and an original attachment might have been obtained on such a state of facts ; but the circumstance of concealment is a predicament which with peculiar force and propriety, involves the interposition of judicial attachments. The levy of this species of attachment has been held equivalent to notice by citation, (13 Tex. R. 269,) and the writ is therefore peculiarly adapted to cases where the defendant secretes himself; whereas if he were beyond the limits of the State, it might be urged with much force that he should be entitled to notice by publication.

None of the objections are well taken. No defence was set up to the merits ; and it is ordered that the judgment be affirmed with damages for the delay.

Affirmed with damages.